No. 59.—CHARLES H. RICE, receiver of the assets of the Bank of Macon, and others, plaintiffs in error, *vs.* EDWARD CAREY, Assignee of the Bank of Columbus, defendant.

[1.] The dismissal of the Writ of Error in the Supreme Court in this State, under the provision of the Constitution, operates as an affirmance of the judgment of the Court below.

[2.] Where a decree in Equity has been before the Supreme Court on a Writ of Error, and the judgment of the Court below affirmed, a Bill of Review will not lie to reverse such decree for Error, apparent on the face thereof.

[3.] Where a plea was filed, (not being a plea in bar, of a former recovery,) it was held not necessary to set out the entire record of the judgment of the Supreme Court, dismissing the Writ of Error in that Court: but only so much of the leading facts as were relied on by defendants as a bar to the complainant's bill, in a distinct and issuable manner.

Bill of Review, in Twiggs Superior Court—Demurrer to plea of defendant. Decided by Judge SCARBOROUGH, April Term, 1848.

ERRATUM, *page* 559, 14th line from top.

To which decree of the Court below, upon said demurrer, the plaintiff in error excepted; and carried the said decision up to the Supreme Court, upon Bill of Exceptions and Writ of Error, at its June Term at Hawkinsville, 1847, to be, by that Court, revised and corrected.

Rice *vs.* Carey.

A Bill in Equity was filed in Twiggs Superior Court, by the plaintiff in error, against the Bank of Columbus, and others.

At the April Term, 1845, of the Court below, a decree was rendered in favor of the plaintiff in error, Rice, who was the complainant in the bill.

Edward Carey, Assignee of the Bank of Columbus, the said Bank of Columbus being one of the defendants to said bill and decree, filed a bill of review, for the purpose of reviewing, reversing, and setting aside said decree. At the April Term, 1846, of the Court below, the plaintiff in error, who was defendant in the bill of the review, filed a general demurrer thereto, which after argument heard, the Court below overruled the demurrer, and rendered a decree in favor of the complainants in said bill, defendants in error here. To which decree of the Court below, upon said bill of review the Supreme Court, to be revised and corrected by that Court, exceptions and writ of error, carried the said decision up before and demurrer, the plaintiff in error excepted. And upon bill of at its June Term at Hawkinsville, 1847. The security on the appeal, Leroy Napier, not having been made a party to the writ of error, a motion was made in the Supreme Court, to dismiss the writ of error on that ground; which motion prevailed, and thereupon judgment of affirmance was pronounced by the Supreme Court.

Afterwards, in the Court below, the plaintiffs in error filed a bill of review upon the former bill of review, and the aforesaid decree rendered thereon, alleging error in said decree. At the April Term, 1848, of the Court below, His Honor, Judge Scarborough, presiding, a plea was filed by the defendants to the said second bill of review, alleging that the defendant filed and exhibited in the Superior Court of Twiggs county, returnable to the October Term, 1846, of said Court, a bill of review, to review and reverse a decree, which had, before that time, been made and enrolled on a bill filed by complainant against the defendant, and those who are his co-complainants in the present hill. That at the April Term, 1847, of said Superior Court, on a hearing of said bill of review of this defendant, the said decree mentioned and set forth in this present bill of complaint, which is now sought to be reviewed and reversed, was then and there, by said Court, made, entered, and enrolled, and now remains in said Court, unreviewed, unrevoked, unreversed, and in full force; and that af-

ter the said decree, mentioned as aforesaid in complainant's bill, was made and enrolled, the complainant sued out and prosecuted in the Supreme Court of the State of Georgia, a writ of error, to review and correct the errors in said decree, returnable to the June Term, 1847, of said Supreme Court, at Hawkinsville, and that at the said Term of said Supreme Court, and by the order, decree, and judgment thereof, the said writ of error was then and there dismissed, and the said decree in said complainant's said bill of complaint set forth, and now sought to be reviewed and reversed, was then, and thereby virtually affirmed by said dismissal, which said judgment of dismissal is now of file and of record in said Court, unrevoked, and in full force and effect, all which matters and things the defendant avers to be true, and pleads the same in bar to the whole of said bill, and humbly demands the judgment of this Honorable Court, whether he ought to make any further or other answer to said bill, &c."

The counsel for the plaintiff demurred to this plea, upon the following grounds:

1st. Because the said judgment, decree, or order of said Supreme Court, in said pretended plea mentioned, is not set forth in said plea, nor any part thereof, nor is the record of said cause, in the said Supreme Court, nor any part thereof, set forth in said plea, nor attached thereto ; nor is the bill of review, nor the demurrer thereto, in said plea, referred to as having been carried to the Supreme Court, nor the judgment of said Court in Twiggs, nor said demurrer carried to said Supreme Court,, mentioned or referred to in said plea, nor either, or any of them, nor any part thereof, set forth or attached to said plea, nor the original bill, answer, or decree on which defendant's said bill of review was founded and mentioned in said plea, nor any of them, nor any part thereof set forth or attached to said plea.

2d. And for further ground of demurrer, and of objection to said plea in bar, complainants say, that if there were ever any such judgment, order, or decree of the said Supreme Court, as mentioned in said plea, the same does not, by said plea, appear to have been rendered or founded on the merits of said cause; but on the contrary, it appears from said plea, that said cause was dismissed without trial upon the merits, by said Supreme Court.

3d. And further, that it does not appear by said plea, on what

Rice *vs.* Carey.

ground said decree, or judgment, or dismissal in said Supreme Court, was made or founded.

Whereupon, and for other grounds, &c.——

The Court below, after argument, overruled said demurrer, allowed the plea, and dismissed the bill.

To which decision the counsel for the plaintiff in error excepted.

S. T. BAILEY & MCDONALD, for plaintiff in error.

POE & NISBET, for defendant.

Argument of S. T. BAILEY, for plaintiff in error——

That the plea was defective for not setting forth so much of the record of the causes and decrees pleaded, as to certify the Court of their identity, and that said former recovery was final without looking out of the plea, is sustained by all the books of practice. *Mitford,* 237, 238, 245. *Cooper,* 271. *Beames,* 208, 209, 210. *Story Pl. Sec.* 791. 2 *Daniel,* 755.

That the Court erred in sustaining the plea of defendant in error, on the ground that the dismissal of the writ of error in the cause referred to in this Court, operated as an affirmance by this Court of the decision of the Court below, and thereby made it a final and conclusive decision, which cannot be reviewed by said Circuit Court, is most manifest upon several grounds.

1st. Because the Constitution confines its direction to cases that are *not prosecuted* after being in the Supreme Court. In such cases, the "judgment below is to stand affirmed"—not cases that were never properly in Court, and for such reason could not be there prosecuted.

2d. Because the action of the Supreme Court in dismissing a cause, gives, by the organic law, no greater validity to the judgment below, than it would have had in case it had never been carried to the Supreme Court; in either case the judgment would stand unreversed by the Supreme Court afterwards, because the time would have passed for suing out a writ of error directly on the same decree or judgment.

3d. Because, even if the dismissal operated as an affirmance of the decree below, so as to make it the decree of the Supreme

Court, it not being a final decree would be no bar to a new suit on a bill of review, to reverse such decree thus affirmed.

The first inquiry is, what was the judgment or decree by the Court below, and which the plea set up as a bar to our bill of review, and which said plea avers, was affirmed by this Court? Was it a final decree, settling the rights of the parties absolutely and forever in the causes below? If not, it is no bar, no matter how often affirmed.

The prayer of the bill of review, first filed by defendant in error, and to which we demurred, was the usual prayer, that "the defendants may, on their corporal oaths, full, true, and perfect answers make to all and singular, the charges in said bill, and that said decree—our original decree—may be reviewed, reversed, and set aside, and for other and further relief as to your Honor shall seem meet."

To this bill we demurred, and on that demurrer is founded the decree which defendant in error pleaded in bar to our bill of review, and which decree also our bill of review seeks to reverse, so that in fact, defendant's plea and our bill are founded on one and the same decree. We pray to reverse it, and they reply *res adjudicata*. Let it be kept in mind that it is this decree of the Court below, that they plead as a bar, or rather intended to plead in bar; that the judgment of this Court, dismissing our writ of error from that judgment, decided only one thing, viz: that we were not properly in this Court, and the only use they make, or seek to make of said judgment of dismissal, is to make the decree of the Court below like the Chaldean law, "that altereth not."

The decision on the demurrer decides three things:

1st. That the demurrer be overruled.

2d. That the original decree sought to be reviewed and reversed, should be set aside upon two grounds, first, want of jurisdiction, second, because it allowed the other defendants to pay in Macon Bank bills.

3d. That the bill of review be retained.

I respectfully suggest that such a decree would excite no little astonishment in Westminster Hall, when pleaded in bar to another suit, for two reasons, the decree would appear there without precedent, and the plea an anomaly. They would be apt to say the practice there on overruling a demurrer, would be to order an answer and give the defendant a hearing, before deciding upon the merits of

the cause, and that a plea setting up as a bar a decree which does not pretend to finally adjudicate and settle the litigation between the parties, would be, with them, a questionable novelty. But how much more would surprise be increased by such a decree, if, as with us, the fundamental law of England required the merits of every equity cause to be tried by a Jury.

The books are full of the doctrine that a nonsuit, or verdict at Common Law, is no bar to another action, unless it was had upon trial of the merits of the cause: *Coke Litt.* 500, *and notes.* 1 *Pick. R.* 371. 8 *Ib.* 118.

" To hold," says Mr. Justice Burroughs, " that a former recovery is a bar to a future action, where it appears that the merits of the case were not tried nor decided in the former action, would be contrary to justice and common sense." *Godson vs. Smith,* 4 *Eng. Com. L. R.* 413.

On arguing a demurrer to a bill of review, nothing can be read but what appears upon the face of the decree ; but after the demurrer is overruled, the plaintiffs are at liberty to read bill, or answer, or any other evidence, as at a re-hearing, the cause being now equally open. *Cotterall vs. Purchase,* 1 *Atk. R.* 290.

But if the demurrer is allowed, there is an end of the suit. No new bill can then be brought. 2 *Smith Pr.* 63.

A final decree is one that finally adjudicates upon all the merits of the controversy. *Story Pl.* 325, 408.

A decree or order, dismissing a bill for the same matter, may be pleaded in bar to a new bill, if dismissed upon hearing. But is a bar only where the Court decided that the plaintiff had no title to the relief sought by his bill. Therefore, dismissal for want of prosecution, is no bar, and a decree cannot be pleaded in bar to a new bill, unless it is conclusive of the rights of the plaintiffs or those under whom they claim. *Mitford,* 300, 338. *Story,* 609, 791.

It is not sufficient to plead that by a dismissal the Court impliedly decided that there was no title to relief. Defendant must show it was *res judicata*—an absolute determination in the Court, that plaintiff had no title, or it is no bar. *Braudlyn vs. Ord,* 1 *Atk. R.* 571. *Cann vs. Cann,* 1 *P. Wms.* 723.

A decree determining the rights of the parties, and signed and enrolled, may be pleaded in bar to a new bill for the same cause, for a decree enrolled can be altered only by bill of review. But

the decree must, in its nature, be final, or it will be no bar. *Mitford,* 237, 298.

If it appear the former cause did not go off upon trial of its merits, it is no bar. *Hughes vs. Blake,* 1 *Mason* R. 519.

A decree signed and enrolled, can only be impeached by bill of review. *Mitford,* 237, 298.

Bill of review may be brought to reverse a decree of reversal on former bill of review. *Story,* 332, 418.

After affirmance of a decree in Parliament on the merits, all the books of practice say that it is doubtful if a bill of review for error apparent to reverse such a decree will lie. But no book, nor any judge in England, has ever said that it cannot be done ; that is, as to a final judgment, or decree, for such judgments and decrees alone, I believe, can be taken to the Court in the last resort in England ; in some of the American States, the organic law provides for carrying up the judgments, decrees, and decisions of inferior tribunals, made in a cause, but which do not finally settle the rights of the parties—such, the Court is aware, is the law organizing this Court. The law organizing the Court of Appeals in South Carolina, and the Court of Errors in New York, has the same provision, and the Courts in both those States have decided that a judgment or decree that did not finally and absolutely decide and end the cause, is no bar, although affirmed by the Court in the last resort, and cannot be so pleaded. *Travis vs. Waters,* 1 *J. Ch.* R. 88. *Price vs. Nisbet,* 1 *Hill, Ch.* R. 458.

The case of *Price vs. Nisbet,* is very much like the case at bar. Nisbet had been decreed to deliver up the land in controversy, but an inquiry had to be taken as to the rents and profits; from this decree he appealed to the Court of Appeals, where his case was stricken from the docket because he had failed to give notice required by law. The case went back to the Circuit Court, and on another hearing there, and decree, the defendant again appealed, and the Court of Appeals held that he was not estopped by the former decree and affirmance, because it was not final. The Court say : "If the decree of the Court of Appeals does not end the controversy, and still leaves something to be done to enable the Court to pronounce a judgment, it will be excusable on an appeal from such final judgment." 1 *Hill, Ch.* 458.

"For the appeal from the final decree opens for consideration

all prior, or interlocutory orders, or decrees any way connected with the merits of the final decree." *Ib.* 456, 457.

Now will any one say that the decree on the demurrer, and which is pleaded here in bar as having been affirmed, ends the controversy, and leaves nothing farther to be done? Does it not leave more to be done? Does it not leave " confusion worse confounded?" First, it orders the demurrer to be overruled. Here the usual rules of law directed the Court to stop; having refused to grant the prayer of the defendant, he should have waited for the action of the complainant in forwarding his case to a hearing. But no! The Court, in hot haste takes, the cause out of the Solicitor's management, and proceeds to render a final decree upon the bill at the appearance term, by decreeing that the decree sought to be " *reviewed,*" should be set aside. This was more than the complainant asked. He prayed that such decree should be reversed, after being " *reviewed.*" He was willing the defendant should have a hearing—a trial according to the forms of law—but the Court, adopting the mode of doing things at Warsaw, decided this unnecessary delay, and so puts the trial after the conviction! But, as if suddenly looking over a precipice, the Court below stops short, and says: " The bill of review is retained." And from that day to this, neither the Court below, nor the complainant in that bill, but defendant here, has moved a step in that cause; they have neither moved to dismiss or try that bill thus " *retained.*"

But this Court, I trust, will hold that there was something more to be done in that cause, as well as in the original cause by it sought to be reviewed. That the " *controversy*" was very far from being ended by the decree on the demurrer, that the end was, if any thing, farther in the distance—and therefore by no means a final decree.

If, then, this is not a final decree upon the merits, (and if it had been, there must have been a verdict of a Jury,) then, clearly, it was within the control of the Court below, on review. Let it be kept in mind, that we have not predicated our writ of error on the decree upon the demurrer, but on a new bill of review to review and reverse that decree, which, if it was not final, is clearly in the power of the Court to do. There are no authorities to the contrary, and this is the proper course where the decree is enrolled. If we had brought another writ of error on the same decree, the statutory limit of four days would have barred us. And

if we are asked, why not wait till the final decree upon the whole controversy, and carry up the whole case? We answer, first, that the Statute gives us the right to take up any interlocutory decree: second, that the decree is so unusual and unprecedented, that if it is to stand, it would greatly embarrass, and prejudice our rights on a final hearing. Third, if we are right, and should be so adjudged, it will save vast labor, expense, and litigation, which it is the duty of counsel as well as Courts to regard.

C. J. McDONALD, for plaintiff in error.

Upon a plea of a decree determining the rights of the parties, so much of the former bill and answer must be set forth, as is necessary to show that the same point was then in issue. *Harrison's Chancery*, 223. *Story's Equity Plead.* 610, *Sect.* 791. 1 *Smith's Chan. Prac.* 222, 223.

It is not sufficient to allege that the former bill or decree was for the same matter, but it must be set forth to enable the Court to judge if it be for the same. The defendant's plea in this case sets forth, that by the order, decree and judgment of the Supreme Court, dismissing a writ of error brought by complainant, the present complainants in error are barred, and the defendant sets not forth in his plea, either bill, demurrer, writ of error, or judgment of the Supreme Court, so as to enable the Court to decide whether it be for the same; but the whole matter rests upon a simple averment in the plea.

There was no hearing of the cause before the Supreme Court. It was not decided by the Supreme Court on the merits, nor was there any order that the dismissal of the writ of error should amount to the solemn affirmance of the judgment of the Court below by the Supreme Court. Such being the case, the dismission of the writ of error does not present a bar to the complainant's bill of review, any more than if no writ of error had been brought, for the order of dismission is a bar only when the Court determines that the plaintiff had no right to the relief sought by the bill. *Harrison's Chan.* 223. 1 *Smith's Ch. P.* 222. *Story's Story's Equity Plead.* 611, *Sect.* 793. But in this case the plaintiff does not plead the dismission of the former bill, but the dismission of the writ of error by the Supreme Court, and claims thas *that* dismission is a *virtual* affirmance of the judgment of the Court

Rice *vs.* Carey.

below, and that complainants are therefore barred by the judgment of the Supreme Court. The plea is not direct, but argumentative, and therefore, inadmissible. *Willis' Plead.* 495. *Law Lib.* 25, *P.* 222. The plea is not that the Supreme Court affirmed the judgment of the Court below, but that the Court dismissed the writ of error, which was a virtual affirmance of the decree of the Court below. The affirmance of the decree requires or implies action. It is contended that the refusal to act is in itself an affirmative action, which is absurd. The refusal to act on the dismissing of the writ of error, upon the technical exception of the want of parties, is neither an affirmance nor a disaffirmance of the decree, but leaves the parties in the position they were, provided no writ of error had been sued out. Neither the Constitution, nor the Statute of organization of the Supreme Court, declares that the dismission of a writ of error on technical grounds, shall amount to an affirmance of the decision of the Court below. To prevent delay, or to prevent the Court from being made the instrument of delay, was a great object with the founders of the Supreme Court. Hence, the Constitution provides, that if the plaintiff in error shall not be prepared to prosecute his case at the first term of the Court after error brought, unless prevented by some providential cause, it should be stricken from the docket, and the judgment below should stand affirmed. But this provision is applied exclusively to cases of wilful delay in preparation for a hearing by the plaintiff in error. Again, the Statute of organization of the Supreme Court declares that the Court shall cause to be certified to the Court below its decision, and award such order and direction in the premises as may be consistent with the law and justice of the case, which decision, so rendered and ordered, and direction so awardred, shall be respected and carried into full effect by the Court below. In this case the Supreme Court did not strike the case from the docket for want of preparation to prosecute it by the plaintiff in error, nor was any decision made by the Supreme Court and certified, which could be or was to be carried into effect by the Court below. The Court dismissed the writ of error for want of parties. The case was, therefore, by such dismission, reduced to the same condition in which it stood before error brought, without a judgment of affirmance, either by the Court, the law, or the Constitution. There could be no bar, therefore, to the complainant's bill of review.

Again : If there was any action by the Supreme Court on the case before it, the action was on another bill, the bill of the opposite party, and the present bill is not filed as an original bill to litigate the same matters which had been settled by that bill, but merely to obtain a reversal of the decree, or a rehearing on that bill; hence, it could present no bar. If so, any attempt to obtain a rehearing on a bill of review, might be met by a plea in bar, that the whole subject had been determined by the decree sought to be reviewed.

If, upon a bill of review, a decree has been reversed, another bill of review may be brought on the decree of reversal. 2 *Smith's Ch. Pr.* 50.

Judge LUMPKIN, having been a stockholder in the Bank of Columbus at the time this writ of error was sued out, gave no opinion, and did not preside in the cause.

*By the Court.*—WARNER, J. delivering the opinion.

It appears from the transcript of the record in this cause, that a bill was filed in the Superior Court of Twiggs county, against the Bank of Columbus and others, by Charles H. Rice, receiver of the assets of the Bank of Macon, and a decree had thereon upon the final hearing, which was duly enrolled. Afterwards, a bill of review was filed in that Court, by Edward Carey, assignee of the Bank of Columbus, to reverse the decree for error apparent upon the face thereof. To this bill of review, a demurrer was filed by the defendant, which was overruled by the Court, to which the defendant excepted, and prosecuted his writ of error to the Supreme Court. At the June term of the Supreme Court at Hawkinsville, the plaintiff's writ of error was dismissed for want of proper parties.

Rice, the receiver of the assets of the Bank of Macon, then filed his bill of review to reverse the decree made in the cause, on the hearing of the demurrer to the first bill of review, for error apparent on the face of that decree. To this last bill of review the defendant filed his plea, in which it is alleged, that after the decree was made by the Court overruling the demurrer to the first bill of review, the complainant, in the last bill of review, sued out and prosecuted his writ of error in the Supreme Court, to

Rice *vs*. Carey.

review and correct the errors in said decree, returnable to the June term of said Supreme Court at Hawkinsville, in the year 1847, and at the said term of the Supreme Court, by the order, decree and judgment thereof, the said writ of error was dismissed, and the said decree in said complainant's bill of complaint set forth, and now sought to be reviewed and reversed, was then and there virtually affirmed by said dismissal, which said judgment of dismissal, is now of file and of record in said Supreme Court, unrevoked, and in full force and effect; all of which matters and things the defendant avers to be true, and pleads the same in bar to the whole of said bill of complaint.

To this plea, the complainant demurred, which demurrer was overruled by the Court below; whereupon, the complainant excepted, and now assigns the same for error in this Court.

Three questions have been made on the argument of this cause for our consideration and judgment. First, as to the effect of the dismissal of a writ of error in the Supreme Court, under the provision of the amended constitution. Second, whether a bill of review will lie in this State, to reverse a decree in Equity, for error apparent on the face thereof, after such decree has been affirmed by the Supreme Court; and third, as to the *sufficiency* of the plea filed in this case.

[1.] When a writ of error is sued out and prosecuted to the Supreme Court, it operates as a supersedeas to all further proceedings in the Court below. The plaintiff in the judgment in the Court below, is delayed in the further prosecution of it, until the decision of the Supreme Court shall be had thereon. The framers of the Constitution intended to prevent all delay, after the first term of the Supreme Court, except for providential cause. The first section of the third article of the Constitution declares, " And the said Supreme Court shall, at each session in each district, dispose of and finally determine, each and every case on the docket of such Court, at the first term after such writ of error is brought; and in case the plaintiff in error in any such case, shall not be prepared at such first term of such Court after error brought, to prosecute the same, unless precluded by some providential cause from such prosecution, it shall be stricken from the docket, and *the judgment of the Court below shall stand affirmed*." *Prince's Dig.* 909.

It was urged on the argument, that the writ of error was not

heard in the Supreme Court on its *merits*, but was dismissed on a *technical* ground, for want of proper parties. The answer to that argument, is to be found in the *mandatory* language of the Constitution. The plaintiff in error was *not prepared*, at the first term of the Court, after error brought, to prosecute the same for the want of the *proper parties*, and the want of proper parties was not a providential cause; therefore, the writ of error was dismissed, and by operation of the organic law of the land, the judgment of the Court below stood affirmed, as effectually as if the cause had been heard on its merits, and a judgment of affirmance solemnly pronounced by this Court. In *Haines vs. the State of Georgia*, 2 *Kelly*, 290, we had the same question presented, and we ruled in that case, that the dismissal of the writ of error for *irregularity*, operated as an affirmance of the judgment below, under the peculiar provisions of our amended Constitution, the leading feature of which, is to prevent delay in the prosecution of suits, by the organization of the Supreme Court, after the first term of the Court, after error brought, except for providential cause.

[2.] The decree of the Court below having been affirmed, the next question is, whether a bill of review will lie *for error apparent on the face of the decree*, when the decree has been before the highest appellate tribunal in the State, and an affirmance had thereon. A bill of review is in the nature of a *writ of error*, and its object is, to procure an examination and alteration, or reversal of a decree made upon a former bill, which decree has been signed and enrolled. *Story on Pleading*, 320, *Section* 403. In *Mitford on Pleading*, 69, the learned author says, " A bill of review upon new matter discovered, has been permitted even after an affirmance of the decree in Parliament; but it may be doubted, whether a bill of review upon error in the decree itself, can be brought after affirmance in Parliament." Mr. Justice Story, after citing the foregoing passage from *Mitford*, gives as a reason for the rule, that the highest appellate Court has pronounced in effect, that it is not erroneous. *Story on Pleading*, 325, *Section* 408.

When we take into consideration the declared policy of our people, as manifested by their organic law to prevent delay in the administration of justice, we entertain no doubt in holding, that a bill of review will not lie *for error apparent on the face of*

*a decree*, when that decree has been before the Supreme Court on a writ of error, and the judgment of the Court below has been affirmed.

[3.] It is urged as an objection to the plea, that it does not set forth the *entire record* of the judgment of the Supreme Court. If this was a plea of a *former recovery* in bar of the complainant's suit, the objection might be valid, and the authorities cited applicable, but it is not a plea of a former recovery in bar; the object of the plea is, to bring to the knowledge of the Court a *leading fact*, which does not appear on the face of the complainant's bill. The leading fact brought to the knowledge of the Court by the plea is, that a writ of error was sued out from the judgment of the Court below on the demurrer, to the Supreme Court, and by that Court dismissed, which is distinctly made to appear on the face of the plea, in such manner, as to enable the complainant to take issue thereon, had he thought proper to have done so. The demurrer of the complainant to the defendant's plea, admitted that there had been a writ of error prosecuted to the Supreme Court from the decree made by the Court below, on the demurrer to the original bill of review, and that the same had been dismissed in that Court; and when the Court below ruled the dismissal of the case in the Supreme Court affirmed the judgment of the Court below, it did nothing more than obey the stern mandate of the Constitution, and did not err in dismissing the complainant's bill. Let the judgment of the Court below be affirmed.