## McLendon, sheriff, *vs.* McGlaun *et al.*

1. A judgment of the superior court on an order to the sheriff to deposit money in a bank, excepted to and brought to this court, and writ of error dismissed for irregularity, is affirmed, and becomes *res adjudicata*, and cannot again be excepted to.
2. Where the answer of the sheriff does not state the amount of money he has paid, and where the answer refers to judgments of the court in the record, and is not verified by the record referred to, this court will not interfere with the attachment of the sheriff by the superior court for contempt.

*Res adjudicata.* Practice in the Superior Court. Before Judge CLARK. Webster Superior Court. March Term, 1877.

Reported in the opinion.

D. B. HARRELL & SON, for plaintiff in error.

GUERRY & SON; W. A. HAWKINS, for defendants.

JACKSON, Judge.

The sheriff had on hand three hundred and eighty dollars, which he was ordered by the judgment of the superior court to deposit on interest in the Bank of Americus; he did not do so, and was attached for contempt; from that judgment he appealed to this court; and the question is, was he in contempt of that court?

He says he was not for two reasons, first, because the order to deposit the money was illegal; secondly, because his answer shows that he was not in contempt. That answer appears in the record, and states that he brought the judgment requiring him to make the deposit to this court, that his writ of error was dismissed for informality, and thereby the judgment was affirmed; that before the *remittitur* was made the judgment of the superior court, a judgment, at the term when it was so made the judgment of that court, was

finally rendered ordering him to pay out the money to certain *fi. fas.*—that this last judgment was excepted to and brought to this court—that it was affirmed and filed in the clerk's office on the 16th of February, 1877, and on the same day he paid the money to certain *fi. fas.*, and in his answer he names the *fi. fas.* upon which he paid it, but does not give the amount paid to each, leaving it blank—he does not exhibit the judgments of the court in his answer on which he relies, but refers to them in the record, and thus makes them part of his answer.

On turning to the record to see the verification of the answer, we find no *remittitur* at all from this court to the superior court, and no date to the judgments rendered by that court—at least none to the judgment which directed the sheriff to pay out the money to certain *fi. fas.*—so that the answer is not verified by that judgment, and if it had been exhibited to the answer it would not have shown its correctness.

So, too, in turning to the record to see what sums he did pay as the receipts on the *fi. fas.* show—the *fi. fas.* named in his answer—it appears that he paid out $304.40 instead of $380.00, to-wit: to Dougan $149.14, to Cato $95.60, to Lamb & Drain $27.14, and to Boon $32.52, the parties to whom he says in his answer he paid the money, and the only *fi. fas.* to which there are receipts in the record.

1. The sheriff makes two points here: First, that the order which directed him to deposit the fund was illegal, because the court had no legal power to have the sheriff of Webster county to deposit money at interest in a bank at Americus, in a different county. If this were an open question *in this case*, we would so hold the order as illegal; but it is *res adjudicata* so far as this case is concerned. It was held to be legal by the superior court of Webster county; that judgment was appealed from to this court by writ of error; the writ was dismissed for irregularity; and the judgment below was affirmed. It is wholly immaterial for what reason or in what way it was affirmed. It stands affirmed

in law, and the judgment of the superior court so affirmed is the law of this case.

2. The second point is that the answer excuses him from the contempt. If it could stand alone, it would not, because it does not show a cent of money that he paid out, but everything is left blank. If we turn to the record to see what he did pay out, it is not, by seventy-five or eighty dollars, the sum found in his hands, and ordered to be deposited by at least three orders or judgments of the court.

Nor is his answer to the rule any better sustained by the record in regard to the judgments of the superior court and the *remittitur* from this court to that. Not a *remittitur* appears, and it does not appear when the final order, or order which the answer terms *final*, was rendered. Strictly, these judgments and *remittiturs* should have been exhibited to the answer; but conceding that they may be referred to as in the record in prior parts of this case, they do not sustain the answer.

When a plaintiff in error brings to this court a judgment of the superior court, and asks a reversal thereof, he must show by the bill of exceptions and record wherein the court below has erred. This bill of exceptions and record do not show the error; but, on the contrary, the answer itself, with its assertions of blank payments of money, and its want of verification by the record to which it refers, is evidence enough of contempt to authorize the attachment.

Judgment affirmed.