WATKINS *et al. vs.* LAWTON *et al.*

| 69 | 671 |
| --- | --- |
| 94 | 387 |
| 69 | 671 |
| 102 | 105 |
| 69 | 671 |
| 116 | 501 |
| 69 | 671 |
| 118 | 410 |
| 69 | 671 |
| 128 | 132 |

1. A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties concerning the same subject-matter in a court of competent jurisdiction.

2. Where a decree in equity has been brought to the Supreme Court and the judgment below has been affirmed, a bill of review will no

lie to reverse such judgment for errors apparent on the face of the record.

3. Where one, for himself and as next of kin of certain minors, and to protect their interests, filed a bill in equity, to which a cross-bill was filed, the entire matter litigated and a decree rendered, in the absence of all allegation or proof of fraud, the minors would be bound thereby, and persons acquiring rights thereunder would be protected, though no formal order appears appointing the complainant as guardian *ad litem* for the minors.

(*a.*) Especially is this the case where the money borrowed, for which a decree was had against the trust estate of which the minors were benbenciaries, was used to pay taxes on the trust property and for the benefit of the trust estate.

November 7, 1882.

Judgments.   Minors.   Practice in Superior Court. Equity.   Before Judge SIMMONS.   Bibb County.   At Chambers.   June 9, 1882.

Reported in the decision.

H. F. STROHECKER ; BACON & RUTHERFORD, for plaintiffs in error.

W. DESSAU ; T. WILLINGHAM ; J. L. LAWTON, for defendants.

SPEER, Justice.

R. F. Lawton, as transferee of G. M. Taylor, caused a certain *fi. fa.*, which Taylor had issued in his favor against Charles T. Holmes, trustee, to be levied upon certain real estate in the city of Macon, said property being held by Holmes as trustee for Mrs. E. A. Watkins and G. A. Holmes, wife of Charles T. Holmes, and her minor children ; whereupon Mrs. Watkins, in her own right, and J. A. Edwards, as next friend of G. A. Holmes, and her minor children, filed their bill to enjoin said *fi. fa.*, alleging that said property was held by said Holmes in trust for said E. A. Watkins and G. A. Holmes for and during their

lives, and remainder in fee to the children of said G. A. Holmes; that Holmes had applied in vacation, at chambers, to the judge of the superior court for an order authorizing him, as trustee, to mortgage and encumber said trust estate to secure a note given to said G. M. Taylor; that the order was granted as prayed for, and said trustee made and delivered to said Taylor a warranty deed to said property to secure said note, the same being for a loan of twelve hundred and fifty dollars, and took from said Taylor a bond for titles. When said loan became due, the trustee applied for and obtained a second order in vacation. authorizing said trustee to execute deeds or mortgages to a certain building and loan association to secure a loan for the payment of the first loan; whereupon the trustee executed and delivered to Taylor a new note, and to secure the same made a deed under the act of 1871, with power of sale,—the former bond and deed being cancelled; Taylor had caused execution to be issued against Holmes, as trustee, and had made a quit-claim deed to Holmes, as trustee, to said property, and that the *fi. fa.* now controlled by Lawton was the same *fi. fa.* issued in favor of Taylor. It was further alleged that the order passed by the chancellor in vacation was illegal and void, authorizing the execution of said mortgage; that the notes, mortgage, etc., executed under the same were illegal and void, and no charge or lien on said real estate held by the trustee; and it was prayed that said *fi. fa.* might be enjoined.

In answer to said bill, the respondent filed a plea in bar setting up and exhibiting thereto the record of a certain equity cause between J. M. Boardman in his own right and as next friend of the said minor children, G. A. Watkins, Charles T. Holmes and his wife, G. A. Holmes, alleging, among other things, that the debt in judgment was due by Holmes in his individual character, and the money borrowed was used by Holmes in his private business with the knowledge of Taylor, and not for the trust estate, and

said trust property was not liable for said debt. In a cross-bill filed by Taylor, by way of answer to the bill of Boardman, he made Boardman a party, also C. T. Holmes, E. A. Watkins and G. A. Watkins; also praying a guardian *ad litem* to be appointed for the children, to represent them under said cross-bill, and prayed a decree that the lot be sold by the sheriff and his debt paid. No service of said cross bill was made on said minors, and no guardian *ad litem* was appointed, but a decree for the amount of the execution was had thereon in conformity with the prayer. On the filing of said plea and answer setting up these facts, complainants amended their original bill, seeking to rescind the decree rendered in the case of Boardman *vs.* Taylor, alleging said decree was void, because it did not decide the issues made in the bill, and because it was founded upon an incumbrance of a trust estate authorized by the chancellor sitting at chambers, and that the minors were no parties to said cross-bill, not being served, and prayed the decree might be opened, reviewed and set aside.

The application for an injunction was refused, and *fi. fa.* was ordered to proceed, but the sale to be reported to the chancellor for affirmance before deed was executed. To this judgment complainants excepted.

From an inspection of the record as set forth in the plea and answer filed to complainants' bill, it is manifest the questions here sought to be adjudicated have been concluded and settled by the decree here sought to be reviewed. And the rule is too well established that an adjudication of the same subject-matter in issue in a for mer suit between the same parties by a court of competent jurisdiction should be an end of the litigation, See Code of 1882, section 2899; 21 *Ga.*, 585; 60 *Ga.*, 244.

And while it may be true that the validity of these incumbrances on the trust property upon the grounds now taken in complainants' bill, may not have been made and adjudicated in the decree sought to be reviewed,

yet the rule is that judgments are conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue. 62 *Ga.*, 544–5; 52 *Ib.*, 2 *Ib.*, 329; Story's Equity Pleading, section 404; Freeman on Judgments, 248–9.

Moreover, the decree here sought to be reviewed was by writ of error brought to this court and affirmed, and it has been determined that "where a decree in equity has been before the Supreme Court of Georgia on a writ of error, and the judgment of the court below affirmed, a bill of review will not lie to reverse such a judgment or decree, for error apparent upon the face thereof." 4 *Ga.*, 558, 570, 571.

But it is insisted that, though Boardman filed the original bill in his own behalf and as the next friend of these minors, for the purpose of enjoining this *fi. fa.* when controlled by Taylor, yet, in the answer filed by Taylor in the nature of a cross-bill, and upon which the decree sought to be reviewed was rendered, the same was not binding or conclusive upon the minors nor the complainants in this bill, because they were never made parties to said cross-bill, nor were they represented by any guardian *ad litem* on the trial of the same, though such was the prayer of said cross bill.

The bill was filed by Boardman as next friend of these minors, and with an intent to protect their interest; and in the absence of any fraud or bad faith, persons acting under it or acquiring rights under it, will be protected, especially when it appears, as in this case, from the verdict of the jury, that the money borrowed was used for paying taxes on the trust property and for the benefit of the trust estate. To say that this decree was void because no formal order was taken appointing Boardman as guardian *ad litem*, notwithstanding the whole proceeding was in good faith, would be to pass a very harsh and technical judgment. Boardman, as their next friend, commenced this litigation, and in the absence of fraud, either alleged or proved, it

will be presumed he did his duty in protecting the inter-
est of these minors in the trial and decree then had.

Judgment affirmed.