46147, 46148. MURPHY et al. v. AMERICAN CIVIL LIBERTIES UNION OF GEORGIA, INC. et al.; and vice versa.

(373 SE2d 364)

WELTNER, Justice.

The plaintiffs, complaining of secret legislative meetings, filed an action against several leaders of the General Assembly. They rely upon Art. III, Sec. IV, Par. XI of the Constitution of Georgia of 1983, providing in part: "The sessions of the General Assembly and all standing committee meetings thereof shall be open to the public." They also asked the trial court to enforce rules adopted by the houses of the General Assembly that require all meetings of all committees to be open to the public. The defendants' responses included the assertion that the "complaint fails to state a claim . . . upon which relief can be granted."

The trial court refused to dismiss the complaint as to the alleged constitutional violations,[1] and the defendants appealed. Ruling that "the courts do not have the power to regulate or enforce the internal rules of the General Assembly," the trial court dismissed that aspect of the complaint. The plaintiffs also appealed.

### Constitutional Grounds

1. OCGA § 9-11-8 (a) (2) (A) provides in part: "An original complaint shall contain . . . [a] short and plain statement of the claims showing that the pleader is entitled to relief." To show entitlement under the constitutional provision, the plaintiffs are required by this code section to allege that one or more "sessions of the General Assembly" or one or more "standing committee meetings thereof" was closed to the public.

---

[1] The trial court, relying on *News-Press Publishing Co. v. Kalle,* 173 Ga. App. 411 (326 SE2d 582) (1985), observed: "Unless it can be said that under no conceivable state of facts which the Plaintiffs might prove under the allegations of their complaint would they be entitled to any relief, a motion under O.C.G.A. § 9-11-12(b)(6) should not be granted." That is consistent with the rule of several federal cases, as discussed in 2A Moore, Federal Practice §8.13 at 8-74, 8-75 (2d ed., 1987), and with our opinion in *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695) (1970). See also *Guthrie v. Monumental Properties,* 141 Ga. App. 21 (232 SE2d 369) (1977). For a more recent reference to this rule, see the opinion (of three justices) in *Ledford v. Meyer,* 249 Ga. 407, 408 (290 SE2d 908) (1982).

2. The complaint, as amended several times, contains these assertions:

> [M]eetings have been held of the Budget Committee of the House Appropriations Committee . . . . All "Budget Subcommittee" ("Green Door") meetings conducted on H.B. 226 . . . were conducted in secret . . . . The Conference Committee on H.B. 1 and the Conference Committee on S.B. 2 (concerning Tort Reform). . . met in closed door sessions.

> On information and belief, there are other committees of this legislature that are similarly meeting in secret and/or unannounced sessions. . . .

> The defendants, acting outside of the legitimate legislative sphere, have conducted or permitted the conduct of the business of standing committees of the General Assembly in meetings from which the public was excluded.

3. Nowhere does the complaint set out a "plain statement" that any session of the General Assembly or any *standing* committee meeting has been closed to the public. By virtue of that failure, the complaint fails to state a claim on constitutional grounds "showing that the pleader is entitled to relief," as required by OCGA § 9-11-8 (a) (2) (A).[2]

4. Because the complaint fails to "contain . . . [a] . . . plain statement of the claims showing that the pleader is entitled to relief," it fails "to state a claim upon which relief can be granted." Accordingly, as to the constitutional averments, the motion to dismiss under OCGA § 9-11-12 (b) (6) should have been granted.[3]

---

[2] A "plain statement of the claims showing that the pleader is entitled to relief" need be nothing more elaborate than a plain statement that a session or a *standing* committee meeting of the General Assembly has been closed to the public. It seems singularly unfruitful to continue to consume trial and appellate resources of the judicial system, together with the time and attention of two not-for-profit corporations and two individuals (as plaintiffs), and of twenty public officials (as defendants) in the absence of this essential allegation.

[3] In addition to other relief, plaintiffs sought "a declaratory judgment, stating that the Constitution applies to all meetings of the Georgia House of Representatives, Georgia Senate, Standing Committees of the House and Senate, Conference Committees and Interim Committees, including the Budget Subcommittee ('Green Door Committee') and stating further that Defendants' acts and practices constitute a violation of the Georgia Constitution."

Such a result, however desirable, must come by amendment.

## Internal Rules

5. The plaintiffs appeal the dismissal by the trial court of that portion of their complaint seeking relief for alleged violations of the internal rules of the House of Representatives and of the Senate. The rules require that all committees meet in public. In ordinary circumstances, the internal operating procedures of the General Assembly will not be subjected to judicial review. See *South Georgia Power Co. v. Baumann*, 169 Ga. 649 (2) (151 SE 513) (1929). The trial court properly dismissed this claim.

## Additional Grounds

6. These dispositions make it unnecessary to address other enumerations of error urged in the appeals.

*Judgment reversed in Case No. 46147. Judgment affirmed in Case No. 46148. All the Justices concur.*

DECIDED NOVEMBER 3, 1988.

*Sewell R. Brumby, Douglas O. Carlyle,* for appellants.

*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett, Michael A. Sullivan, Kathleen L. Wilde,* for appellees.