S90A1670. LAWSON v. WATKINS.
(401 SE2d 719)

FLETCHER, Justice.

This case involves two former business associates and is the second action between the two arising out of their former business relationship. The subject matter of the present action is title to a racetrack property in Twiggs County which Watkins, appellee, contends he conveyed to Lawson, appellant, in trust in order to quell a controversy concerning operation of the racetrack. Watkins contends that, at the time of the conveyance, Lawson agreed to reconvey the racetrack to Watkins or to anyone whom Watkins might designate.

In the previous action between these parties, Watkins sued Lawson seeking repayment of various loans that Watkins had made to Lawson during their business relationship. Lawson filed a counterclaim seeking to have a promissory note reformed so as to show Watkins as primarily liable on the note with Lawson only secondarily liable as a guarantor. The counterclaim also alleged that the racetrack, which was part of the collateral securing the note, belonged to Lawson and sought to have the holder of the note, a third-party defendant, enjoined from foreclosing on the racetrack until the holder had first gone after other collateral which was actually titled in Watkins' name.

While no pretrial order was entered in the first action, it is clear from the transcript of that action that, at a conference held in the

trial judge's chambers prior to trial, the trial court and the parties had discussed whether the issue of title to the racetrack would be litigated. The trial court and the parties discussed the matter again after the jury had been selected and at that time, the trial court ruled that:

> with regard to the title of the land, that it is not, in fact, raised by the pleadings nor by the counterclaim . . . and even though . . . Mr. Watkins would seek to dispose of that issue at the trial today, . . . that without the agreement of counsel for the defendant [Lawson] to dispose of that issue that it would not be fair and proper for the Court to require that to be dealt with when it has not, in fact, at this point been raised.

Lawson's attorney refused to agree to the issue of title to the racetrack being disposed of in the first action, contending that Watkins would have to file another suit in order to determine the issue of title.

Among other things, the judgment in the first action reformed the promissory note and enjoined the holder of the note from foreclosing on the racetrack until other collateral belonging to Watkins, which also secured the note, had been pursued. While Lawson was appealing a portion of the judgment in the first action, which portion was completely unrelated to the promissory note or the racetrack, Watkins filed the present action against Lawson.

After Lawson's appeal of the first action had been decided by the Court of Appeals, Lawson filed a motion to dismiss in the present action, contending, in part, that the issue of title to the racetrack had been dealt with in the prior action and was res judicata. The trial court denied the motion to dismiss as to the racetrack issue and that issue was actually litigated in the present action with the jury finding for Watkins.

1. OCGA § 9-12-40 provides that:

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

This is a codification of Georgia's basic common law rule of res judicata. However, for one action to act as a bar to a subsequent action, the two actions must share certain characteristics. First, the parties to the two actions must be identical and, second, the subject matter of the actions must also be identical.

Here, the parties to the two actions are identical, however, the subject matter of the actions is not. The first lawsuit dealt with a

series of debts owed Watkins by Lawson. The present lawsuit deals with title to a racetrack. The racetrack was involved in the first lawsuit only to the extent that Lawson's counterclaim dealt with reformation of a promissory note for which the racetrack property served as collateral. The racetrack was not the subject matter of the complaint in the first action, nor was it the subject matter of the counterclaim in that action. Because the subject matter of the two actions was not identical, the trial court in the present action correctly denied Lawson's motion to dismiss as to the res judicata issue.

2. Our joinder statute, OCGA § 9-11-18, provides for permissive joinder of claims for relief. In the first action, Watkins chose to assert only his claims for relief relating to various loans he had made to Lawson during their business relationship. When Lawson counterclaimed in the first action seeking relief concerning the promissory note, for the sake of judicial economy perhaps it would have been best to have litigated the issue of title to the racetrack in that action. However, the issue had not been joined in the pleadings or in an appropriate pretrial order and, under such circumstances, the trial court in the first action correctly determined, on the day of trial, that the issue could not be litigated unless all parties agreed, which Lawson refused to do.

That the issue of title to the racetrack could have been put in issue in the previous lawsuit does not require a finding, under OCGA § 9-12-40, that the issue is now res judicata. As we have said previously, OCGA § 9-12-40 is a codification of Georgia's common law rule of res judicata. The language used in the statute was drawn from *Watkins v. Lawton*, 69 Ga. 671 (1882), where this court held:

> A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties concerning *the same subject-matter* in a court of competent jurisdiction. (Emphasis supplied.)

Thus, one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40.

However, in a situation where, as here, a plaintiff has multiple dealings with a defendant, our law does not require that he assert every separate claim for relief that he may have against the defendant in one single lawsuit or risk losing the claim for relief forever, as would be the case if our joinder statute provided for mandatory rather than permissive joinder. Instead, our law requires that such a plaintiff must bring every claim for relief he has concerning the same

subject matter in one lawsuit. He may join several claims for relief arising out of different subject matters in one lawsuit but he is not required to do so and will not be penalized for making a strategic decision to the contrary.

In the previous action, Watkins chose to bring suit against Lawson for every claim for relief he had against Lawson that arose out of loans he had made to Lawson. Watkins chose not to include his claims for relief that arose out of the racetrack which he had given to Lawson in trust. To construe OCGA § 9-12-40 to require the inclusion of all claims for relief which could have been raised under OCGA § 9-11-18, as the dissent suggests, would require compulsory joinder of unrelated claims. Such a construction would not only defeat the purposes for which OCGA § 9-11-18 (a) was enacted but would render the same meaningless.

3. In his supplemental brief, Lawson abandoned all enumerations of error pertaining to requests to charge. Lawson's remaining enumerations of error are found to be without merit.

*Judgment affirmed. All the Justices concur, except Clarke, C. J., Weltner and Hunt, JJ., who dissent.*

WELTNER, Justice dissenting.

Lawson appeals from the trial court's denial of his motion to dismiss an action brought by Watkins concerning ownership of a piece of property. In a prior action, Watkins had sued Lawson to recover money allegedly borrowed by Lawson. Lawson's counterclaim, relating to reformation of a promissory note, sought to have the holder of the note enjoined from foreclosing on that same property, titled in Lawson's name.

1. (a) The issue is whether the matter of ownership properly might have been joined in the prior action. OCGA § 9-11-18 (a) provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.[1]

(b) The ownership claim could have been included in the prior action, as it was a "claim . . . against an opposing party."

2. (a) The next issue is the trial court's ruling in the prior action that declined to consider the issue of ownership. Watkins had sought to raise the issue of ownership for the first time on the very eve of

---

[1] Note the difference in the rules provided for compulsory and permissive counterclaims (OCGA § 9-11-13) and the rule for permissive joinder of claims.

trial. The trial court refused to address the issue because it was not contained within the pleadings.[2]

(b) The trial court's holding in the prior action was correct, as it was consistent with the terms of OCGA § 9-11-8 (a) (2) (A), as follows:

[A]ny pleading which sets forth a claim for relief . . . shall contain . . . [a] short and plain statement of the claims showing that the pleader is entitled to relief.

See also *Murphy v. American Civil Liberties Union of Ga.*, 258 Ga. 637 (373 SE2d 364) (1988).

3. (a) The final issue is whether the failure, in the prior action, to "put in issue" the property claim should bar against the present proceeding by virtue of the provisions of OCGA § 9-12-40. That Code section provides:

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

(b) The issue between Lawson and Watkins as to the ownership of the property was a dispute that, by timely and proper pleadings, "under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Accordingly, the present claim should be barred by OCGA § 9-12-40.[3]

---

[2] The trial court stated:

All right. Well, let me state for the record, of course, that I understand [Watkins' attorney's] position but that with regard to the title to the land, that it is not, in fact, raised by the pleadings nor by the counterclaim, and the Court has taken the position that it has for that reason and because it appears to the Court that rather than it's not in essence a separation of the issues or bifurcating the trial with regard to the issues raised, it is simply a matter of the fact that the issue of the title to the land has not been raised, and even though the plaintiff, Mr. Watkins, would seek to dispose of that issue at the trial today, the Court has stated, and it would be my position, that without the agreement of counsel for the defendant to dispose of that issue that it would not be fair and proper for the Court to require that to be dealt with when it has not, in fact, at this point been raised. And so, [Watkins' attorney], noting your objection, I wanted to put that on the record as such.

[3] See *Monroe v. Lubonivic*, 174 Ga. App. 191 (329 SE2d 583) (1985) (claims barred because they could have been raised in earlier action had Monroe attempted to amend pleadings before eve of trial); *Walker v. Kroger Co.*, 181 Ga. App. 745 (353 SE2d 551) (1987) (claims barred because they were identical to proposed amended complaint denied in another court as being filed too late); *Kauka Farms v. Scott*, 256 Ga. 642 (352 SE2d 373) (1987) (claim for contractual attorney fees barred because could have been raised in suit on note and security deed even though amount of note was not fixed until judgment); and *Crawford*

4. (a) The majority at Division 2, characterizes OCGA § 9-12-40, as follows:

The language used in the statute was drawn from *Watkins v. Lawton*, 69 Ga. 671 (1882), where this court held:

A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties concerning *the same subject-matter* in a court of competent jurisdiction. [Emphasis supplied.]

Thus, one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40.

(b) But the legislature did *not* incorporate the holding of *Watkins*, supra, into statute. The statute does *not* include the critical qualification of *Watkins*: "concerning the same subject matter."
The Code of Georgia of 1895 provided:

§ 3742. *Judgment conclusive of what.* A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered.[4]

From 1895 until this day, this statute has been re-enacted, *without* reference to any language limiting its application to "the same subject matter."
5. In any event, the claim for relief in the present case is, in fact, one that "concerns the same subject matter." The present claim involves the contractual relationships (between the same parties) pertaining to the same property that were at issue, by way of counterclaim, in the prior action.
I am authorized to state that Chief Justice Clarke and Justice

---

*v. Baker*, 86 Ga. App. 855, 860 (72 SE2d 790) (1952). ("A litigant is not permitted to divide his case up into pieces and proceed in separate actions for separate relief growing out of the same transaction.")
    [4] This statute was codified within an article concerning "pendency of another action and former recovery"; a different statute appeared in an article concerning the "effect and lien of judgments." In the Code of Georgia of 1933 this statute was codified in its present form (that is, with the addition of the phrase "until such judgment shall be reversed or set aside") and was titled "Conclusiveness of judgments." In OCGA § 9-12-40, it is titled "Judgment conclusive between which persons and on what issues."

Hunt join in this dissent.

DECIDED MARCH 15, 1991 —
RECONSIDERATION DENIED MARCH 28, 1991.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellant.
*Walker, Hulbert, Gray & Byrd, Lawrence C. Walker, Jr., Charles W. Byrd, Roosevelt Warren,* for appellee.