## A98A0996. BIRDSONG et al. v. ENFORCER PRODUCTS, INC. et al.
### (508 SE2d 769)

McMurray, Presiding Judge.

In the Superior Court of Bartow County, Georgia, plaintiffs Robert M. Birdsong, Buck Sales Company, Inc., Billy Wayne Phillips, and Robert T. Roberts (collectively "Plaintiffs") brought this action for fraud, misrepresentation, conversion, breach of fiduciary duty, misappropriation of trade secrets, and intentional infliction of emotional distress against defendants Enforcer Products, Inc., Wayne B. Biasetti, individually and as Chief Executive Officer of Enforcer Products, Inc., Edward D. Brush, individually and as Director of Finances and Office Management, and James D. Biggs, individually and as Director of Marketing and Sales. Defendants denied the material allegations and moved for summary judgment on the basis of res judicata, "based upon the legal disposition of those claims in the case of *Enforcer Products, Inc. v. Birdsong, et al.*, U. S. District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 93-CV-1701-CC (the 'Federal Court Litigation')."

The undisputed facts show that, after a four-day bench trial, the District Court entered a final judgment in the federal court litigation, holding "Defendants [plaintiffs in the case sub judice] liable for patent infringement, false designation of origin, deceptive trade practices, unfair competition and false marketing[, with] total damages [amounting to] three hundred eighty-nine thousand four hundred . . . fifty dollars ($389,450) for which the Defendants are jointly and severally liable." The superior court concluded that the additional claims raised in this complaint should have been brought as compulsory counterclaims in the federal court litigation, under Rule 13 of the Federal Rules of Civil Procedure ("FRCP"), and granted defendants' motion for summary judgment. This appeal followed. *Held*:

1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue *or which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside." (Emphasis supplied.) OCGA § 9-12-40. This Code section "is a codification of Georgia's common law rule of res judicata. The language used in the statute was drawn from *Watkins v. Lawton*, 69 Ga. 671 [(hn. 1)] (1881), where [the Supreme Court of Georgia] held: . . . A judgment is conclusive as to all matters put in issue, or which, under the rules of law, might have been put in issue, in a former suit between the same parties concerning *the same subject matter* in a court of competent jurisdiction. . . . Thus, one must assert all claims for relief concerning *the same subject matter* in

one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40." (Emphasis in original.) *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719).

2. "[FRCP] 13(a) defines a compulsory counterclaim as any claim that 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' [The United States Court of Appeals for the Eleventh Circuit] adopted the 'logical relationship' test for determining whether a counterclaim [is] compulsory. [Cit.] Under this test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.' [Cit.]" *Republic Health Corp. v. Lifemark Hospitals of Fla.*, 755 F2d 1453, 1455 [4] (11th Cir. 1985).

In the case sub judice, it is undisputed that plaintiffs' claims for fraud, misrepresentation, conversion, breach of fiduciary duty, misappropriation of trade secrets, and intentional infliction of emotional distress alleged in the instant action are based upon the same operative facts as defendants' initial claim for patent infringement, false designation, deceptive trade practices, and unfair competition as well as plaintiffs' unsuccessful counterclaims for patent infringement, false designation of origin, deceptive trade practices, unfair competition, and false marketing. That is sufficient logical connection to show the claims here alleged were compulsory counterclaims under FRCP 13(a) which should have been raised in the federal litigation. Since these claims could and should have put in issue in that federal litigation involving the same subject matter, the superior court correctly ruled that, under OCGA § 9-12-40, the prior unreversed federal judgment between the identical parties was conclusive, and further correctly granted defendants' motion for summary judgment in this subsequent state court action, on the basis of res judicata. See *Fowler v. Vineyard*, 261 Ga. 454, 460 (6) (405 SE2d 678). Compare *Tootle v. Player*, 225 Ga. 431, 432 (2) (169 SE2d 340) (new cause of action which was not and could not have been put in issue in prior suit).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 5, 1998

*Dew & Smith, Tyson D. Smith, Jr., Ralph J. Hunstein*, for appellants.

*Minkin & Snyder, Michael J. King, Ernest L. Greer, G. Brian Raley, S. Lester Tate III*, for appellees.