S97G1364. PIEDMONT COTTON MILLS, INC. v. WOELPER et al.
(498 SE2d 255)

CARLEY, Justice.

Pursuant to OCGA § 23-3-60 et seq., George and Barbara Woelper filed a petition seeking to quiet title to an alleged underground easement by implication running beneath land belonging to Piedmont Cotton Mills, Inc. (Piedmont). The special master's report concluded that the Woelpers were not entitled to relief, because their

complaint contained no description of the land and did not, therefore, comply with the requirements of OCGA § 23-3-62 (b). The trial court adopted the special master's report and, on appeal, we affirmed. *Woelper v. Piedmont Cotton Mills,* 266 Ga. 472 (467 SE2d 517) (1996). Seeking declaratory and injunctive relief, the Woelpers then filed this action and included a description of the property in their petition. Compare *Tootle v. Player,* 225 Ga. 431, 432 (2) (169 SE2d 340) (1969) (new cause of action which was not and could not have been put in issue in the prior suit). Piedmont moved for summary judgment based upon the defense of res judicata. The trial court granted Piedmont's motion, but the Court of Appeals reversed. *Woelper v. Piedmont Cotton Mills,* 226 Ga. App. 337 (487 SE2d 5) (1997). According to the Court of Appeals, res judicata was not a viable defense because the Woelpers' first action was not adjudicated on the merits, but on technical grounds. We granted certiorari in order to determine what constitutes an "adjudication on the merits" for res judicata purposes.

OCGA § 9-12-42 provides that,

> [w]here the merits were not *and* could not have been in question, a former recovery on purely technical grounds shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated.

(Emphasis supplied.) As the wording of this statute intimates, an "adjudication on the merits" does not require

> " 'that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. . . .' [Cits.]"

*Gamble v. Gamble,* 204 Ga. 82, 88-89 (1) (48 SE2d 540) (1948). See also OCGA § 9-12-40. Thus, it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid. Compare *Tootle v. Player,* supra at 432 (2) (estoppel by judgment, unlike res judicata, applies only to matters which were directly decided in the former action).

The Woelpers' first action was not terminated by the grant of a dilatory plea, a dismissal for lack of jurisdiction or any other ruling

which precluded a consideration of the merits of their claim. Compare *National Heritage Corp. v. Mt. Olive Mem. Gardens*, 244 Ga. 240 (260 SE2d 1) (1979) (grant of a dilatory plea); *O'Kelley v. Alexander*, 225 Ga. 32 (165 SE2d 648) (1969) (lack of jurisdiction to address merits based upon dismissal for failure to pay costs). The action was heard by a special master who had "complete jurisdiction within the scope of the pleadings" to determine the Woelpers' claim. OCGA § 23-3-66. "Without submitting any questions of fact to a jury or requesting additional evidence, the special master concluded that the Woelpers were not entitled to the requested easement." *Woelper v. Piedmont Cotton Mills*, 266 Ga., supra at 473 (2). Upon receipt of the special master's award, the trial court issued a decree "which, when recorded, shall operate to bind the land affected according to the tenor thereof and shall be conclusive upon and against all persons named therein, known or unknown." OCGA § 23-3-67. On appeal, we affirmed the judgment of the trial court, citing the Woelpers' "complete lack of diligence" in complying with OCGA § 23-3-62 (b), as well as their failure to provide a transcript of the hearing before the special master which might have shown that the "easement was established through other evidence. . . ." *Woelper v. Piedmont Cotton Mills*, 266 Ga., supra at 473 (1), 474 (3).

The proper litigation of a quiet title case in accordance with OCGA § 23-3-60 et seq. requires submission of some proof, whether in the form of a verified complaint or otherwise, of a description of the land at issue. The requirement that such evidence be produced is not just a legal technicality, but is fundamental to showing entitlement to equitable relief in the form of conclusive title to property. Establishing such title is impossible in the absence of a description of the relevant property. In the first appearance of this case here, we held that the trial court's denial of the Woelpers' motions for further discovery and the preparation of a survey was not error which precluded the special master from rendering a complete decision. We recognized that the special master's "responsibility ended when he completed and filed his findings of fact and conclusions of law with the [trial] court. [Cit.]" *Woelper v. Piedmont Cotton Mills*, 266 Ga., supra at 473 (1). The lack of evidence was attributable to the Woelpers and necessarily resulted in a negative "adjudication on the merits" of their claim, because the merits of their claim of title to the asserted easement were or could have been put in question under an adequate presentation of the case. It is contrary to the principle of res judicata to allow the Woelpers a second opportunity to produce the evidence which they were required to present in the first action. A litigant " 'must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war.' " *Smith v.*

*Bird,* 189 Ga. 105, 107 (5 SE2d 336) (1939). See also *Dykes v. Dykes,* 214 Ga. 288 (104 SE2d 430) (1958); *Lankford v. Holton,* 196 Ga. 631 (27 SE2d 310) (1943). Therefore, the trial court correctly granted Piedmont's motion for summary judgment in the Woelpers' second suit and the Court of Appeals erred in reversing that correct ruling.
    *Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Barron & Barron, George L. Barron, Jr., Garlan L. Barron,* for appellant.
    *John B. Lyle,* for appellees.