## A97A2377. DOMAN v. BANDERAS.

(499 SE2d 98)

BLACKBURN, Judge. ·

Alexander Doman, M.D., appeals the trial court's order granting to defendant, Julio C. Banderas, M.D., his motion for summary judgment.[1] Doman brought the underlying action against Banderas alleging that Banderas published four false, defamatory letters which damaged his medical practice and reputation as a physician. The trial court found that the defamation suit was precluded by the doctrine of res judicata because Doman could have raised the defamation claims in a prior action in which he obtained a judgment against Banderas for breach of agreements concerning Doman's purchase of Banderas' medical practice and for tortious interference with Doman's business and medical practice.[2] Doman contends the trial court erroneously applied res judicata to preclude the present action.

Prior to the present suit, Doman filed a suit against Banderas on May 7, 1993, alleging that Banderas breached agreements between the parties controlling Doman's purchase of Banderas' medical practice. The prior suit, which was assigned to the same judge as the present action, sought a temporary restraining order and an order compelling arbitration under the terms of the agreements. An order was entered effective May 13, 1993, which restrained the parties from filing other actions against each other during the pendency of that action *"except* for claims or counterclaims which *may* be asserted in this litigation or in any arbitration proceeding ordered by this Court." (Emphasis supplied.)

On July 29, 1993, the trial court ordered the parties to arbitrate their disputes in accordance with the agreements. Pursuant to the arbitration provisions of the agreements, the parties selected arbitrators, and on February 18, 1994, they submitted a statement of ques-

---

[1] Although the trial court characterized its ruling as the grant of Banderas' motion to dismiss, the record shows that the ruling was, in effect, the grant of Banderas' alternative motion for summary judgment. See *Stripling v. Farmers &c. Bank*, 182 Ga. App. 793 (357 SE2d 149) (1987).

[2] In *Banderas v. Doman*, 224 Ga. App. 198 (480 SE2d 252) (1997), we affirmed the prior judgment which confirmed an arbitration award in favor of Doman.

tions in dispute to be decided by the arbitrators. In addition to submitting questions as to whether or not Banderas violated provisions of the agreements, Doman also submitted the following question to the arbitrators: "Whether Banderas tortiously, wrongfully and/or maliciously interfered with the business and medical practice of Doman."

When Doman submitted the statement of disputed questions to the arbitrators in the prior action on February 18, 1994, three of the four letters had been written, although none had been written when he filed the action on May 7, 1993. Pursuant to discovery conducted after the disputed questions were submitted, Doman had learned of the existence of all four letters. After discovering the letters, Doman filed a motion on July 8, 1994, asking the trial court to lift any restraint of the parties from filing additional claims which accrued after May 13, 1993. On July 12, 1994, the trial court granted this motion, and Doman was without question free to amend his arbitration case to include the defamation action. The July 12, 1994 amendment did not excuse Doman from complying with the law. It simply removed any doubt that he could proceed with his defamation action in the then pending case. This holding was by the same trial judge who executed the original restraining order and the July 12, 1994, amendment thereto.

In his motion, Doman stated that he had become aware of a libel claim he had against Banderas based on two letters written by Banderas, the first of which was published on July 15, 1993. The motion further stated that the one-year statute of limitation (see OCGA § 9-3-33) was about to expire on the libel claim and that it was not clear whether the arbitrators would consent to the addition of a libel claim to the pending arbitration. Banderas responded to the motion stating that he had no objection to the proposed modification of the restraining order. He pointed out that the original restraining order did not prevent the libel claim from being asserted in the pending litigation or arbitration.

The arbitrators entered an order finding that they had the authority "to hear and resolve tort claims between the parties that are raised in proper form." We held in *Banderas,* supra at 198-199, that the arbitrators acted within the scope of their authority in concluding that tort claims were covered under the arbitration provisions in the agreements.

After the restraining order was modified, Doman did not seek to amend his existing case but rather filed the present defamation action on July 13, 1994, and later amended same. Although the amended complaint also refers to alleged defamatory statements made by Banderas on March 1, 1994, "and at other times during the course of 1993 and 1994," Doman concedes in his appellate brief that

the present defamation action is based on the four allegedly libelous letters of July 15, 1993, July 26, 1993, November 10, 1993, and February 23, 1994.

The hearing on the disputed questions before the arbitrators was conducted from October 3 through 6, 1994. At the hearing, Doman presented evidence of two of the letters written by Banderas which support the present defamation action — the June 11 and July 26 letters. He contended the letters not only breached the purchase agreements but were part of a plan by Banderas to tortiously interfere with and damage his medical practice. Doman testified that both letters contained false allegations which damaged his medical practice and his reputation in the medical community.

Although Doman asserts that, prior to the hearing, he withdrew any claim in support of the tortious interference issue that Banderas tried to limit his hospital privileges and discredit him at Southern Regional Medical Center, the evidence Doman presented as to the June 11 and July 26 letters sent by Banderas to Southern Regional belies this assertion. Doman also presented expert testimony that these two letters, along with other actions taken by Banderas, resulted in damage of about $1,000,000 to his medical practice. The complaint as amended in the present action indicates that the two remaining letters of November 10, 1993, and February 23, 1994, were also written by Banderas in connection with the arbitrated dispute. However, there is no evidence as to these letters in the arbitration hearing record.

The arbitrators issued their decision on December 6, 1994. They found that Banderas had violated various provisions of the purchase agreements and that he had "tortiously, wrongfully and/or maliciously interfered with the business and medical practice of Doman." In addition to other damages awarded to Doman, the arbitrators awarded Doman $500,000 "for general damages for breach of contract and for tortious interference with business and professional practice." The arbitration decision was confirmed as the judgment of the trial court, and the judgment was later affirmed on appeal in *Banderas*, supra.

1. Georgia's common law doctrine of res judicata is codified in OCGA § 9-12-40, which provides that: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." *Lawson v. Watkins*, 261 Ga. 147, 148 (401 SE2d 719) (1991). Accordingly, "[f]or a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction;

the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action." (Citations omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (405 SE2d 678) (1991).

In the present case, it is undisputed that there was a prior action between Doman and Banderas which resulted in a judgment in favor of Doman by a court of competent jurisdiction. It is also clear that Doman's present defamation claims were not adjudicated in the prior action. Whether the doctrine of res judicata precludes Doman's present action depends on whether the remaining requirements of res judicata have been established: (1) that Doman's prior and present actions asserted claims concerning the same subject matter, and (2) that Doman had a full and fair opportunity to litigate the present claims in the prior action.

Doman's present defamation action asserts claims for relief concerning the same subject matter as the prior action by Doman against Banderas. Although the prior action asserted breach of contract and tortious interference claims, and the present suit is a defamation action, all of the claims in both actions concerned the dispute between Doman and Banderas arising from Doman's purchase of Banderas' medical practice. See *Centrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396-397 (469 SE2d 466) (1996); *Brinson v. First American Bank*, 200 Ga. App. 552, 554-555 (409 SE2d 50) (1991); compare *Lawson*, supra. In the prior action against Banderas, Doman was required to "assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which [Doman did not assert in the prior action] will be res judicata pursuant to OCGA § 9-12-40." (Emphasis in original.) Id. at 149. Since Doman did not assert the present defamation claims in the prior action, this requirement for res judicata was satisfied.

Doman also had a full and fair opportunity to litigate his present claims in the prior action. Nothing in the trial court's restraining order or its amendment thereto precluded Doman from bringing the present claims in the prior action. In fact, Paragraph 10 of the trial court's initial order makes it clear that *all* the parties' claims against each other should be brought in the present action. It states: "The entry of this Order shall not operate to prejudice the rights, claims or defenses of any of the parties to this action, and shall not act as waiver or estoppel of any claims, counterclaims or defenses that have been asserted, *or could be asserted*, in connection with this action." (Emphasis supplied.) Additionally, the trial judge who wrote the original order in the first action was also the judge who determined that res judicata barred Doman's claims in the present action.

Doman submitted two of the letters of which he complains in support of his action for interference with the contract between the parties. He contends that these letters, written on June 11, 1993, and July 26, 1993, will now support a separate action for defamation. The first action was filed May 7, 1993, but was not heard by the arbitrators until October 3, 1994. Doman carefully states in his affidavit that he did not learn of the letters until after May 7, 1993, but fails to establish that he did not learn of them in time to raise the defamation issue before the arbitration hearings which began October 3, 1994. Inasmuch as Doman, in fact, submitted two of such letters into evidence at the arbitration hearing, he cannot now contend that he could not have also asserted a defamation claim based on such letters.

The trial judge correctly determined that Doman was not precluded from bringing the present claims in the prior action. Doman had a full and fair *opportunity* to litigate such claims in the prior action, which he chose not to pursue. Therefore, the trial court correctly granted summary judgment to Banderas based upon res judicata.

2. Doman contends that Banderas waived his right to assert the defense of res judicata because Banderas consented to the modification of the trial court's restraining order in the previous action. However, res judicata is an affirmative defense available to defendants who have the burden of properly raising and proving it. See OCGA § 9-11-8 (c); *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (458 SE2d 826) (1995). In the present case, Banderas properly raised res judicata as an affirmative defense in his answer to Doman's complaint. Because Doman had the right, and duty, to file all related claims in the first action and the amendment to the trial court's restraining order did not alter such duty, Banderas' failure to object to the amendment of such order cannot constitute a waiver of Banderas' right to raise Doman's failure to abide by such order as a defense. Doman could have amended the first action to assert these defamation claims well in advance of the hearing and decision of the arbitrators under both the original restraining order and the amended version. Therefore, Banderas did not waive his right to assert the affirmative defense of res judicata by consenting to the modification.

*Judgment affirmed. McMurray, P. J., Beasley and Smith, JJ., concur. Andrews, C. J., Pope, P. J., and Johnson, J., dissent.*

ANDREWS, Chief Judge, dissenting.

In asserting the doctrine of res judicata as a bar to Doman's present defamation claims, Banderas had the burden of establishing that: (1) the prior action brought by Doman and Doman's present def-

amation action asserted claims concerning the same subject matter; and (2) that Doman had a full and fair opportunity to litigate the defamation claims in the prior action. *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (405 SE2d 678) (1991); *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (458 SE2d 826) (1995). I agree that the first requirement for application of the doctrine of res judicata was established by Banderas. But when all the facts relevant to the second requirement for application of the doctrine are weighed, I conclude that Banderas did not carry the burden of establishing that Doman had a full and fair opportunity to litigate the defamation claims in the prior action.

When Doman filed the prior action on May 7, 1993, none of the four letters supporting his present defamation action had been written. He became aware of the defamation claims when he discovered the letters while the prior action was pending. Three of the four letters surfaced during discovery conducted after the case had been ordered to arbitration and after the parties had complied with the arbitrators' order requiring them to submit a description of all the disputed questions to be addressed in the arbitration. Doman brought the defamation claim to the attention of the trial court in the motion he filed on July 8, 1994. In the motion, Doman informed the trial court that he had discovered a libel claim he had against Banderas based on two letters he had discovered written by Banderas, the first of which was published on July 15, 1993. The motion informed the court that the one-year statute of limitation (see OCGA § 9-3-33) was about to expire and stated that it was not clear whether the arbitrators would consent to an amendment of the disputed questions for the addition of a libel claim to the pending arbitration. The motion urged the trial court to amend an existing restraining order prohibiting any separate actions by the parties so that Doman could bring a separate defamation action. Banderas responded that he did not oppose the motion. The record also shows that prior to the motion, Banderas had already objected to one attempt by Doman to amend the disputed questions to add a fraud claim after the discovery period had expired. The arbitrators subsequently upheld Banderas' objection and rejected this attempt by Doman to amend the disputed questions as untimely. The trial court granted Doman's motion and entered an order on July 12, 1994, modifying the restraining order to allow Doman to bring a separate defamation action. On July 13, 1994, Doman filed the present defamation action alleging that Banderas libeled him by publishing two letters to Southern Regional Medical Center on July 15, 1993, and July 26, 1993. Doman amended the present action on November 28, 1994, alleging that Banderas also libeled him by publishing additional letters damaging to his medical practice on November 10, 1993, and February 23, 1994.

The trial court's July 12 order did not prohibit Doman from seeking permission to litigate the defamation claim in the pending arbitration, nor did Doman seek an order pursuant to OCGA §§ 9-11-13 (i) and 9-11-42 (b) separating the defamation claim from the other claims in the prior action. See *Fowler*, supra at 459. Nevertheless, in bringing the present defamation action outside the pending arbitration, several factors militate against the conclusion that Doman had a full and fair opportunity to litigate the defamation claim in the prior action. First, none of the four letters supporting the defamation claim had been written when the prior action was filed. See id. at 458. Secondly, three of the four letters were not discovered until after the prior case had been ordered to arbitration and the time allotted by the arbitrators for submitting a statement of the questions in dispute between the parties had expired. At that point, the parties had already submitted a detailed 52-page statement of disputed questions to the arbitrators. Moreover, the arbitrators subsequently upheld Banderas' pending objection to an attempt by Doman to amend the statement of disputed questions by adding a fraud claim. Id. Under these circumstances, I cannot agree with the majority's statement that Doman was, without question, free to amend the arbitration case to include the defamation action. Thirdly, Doman did not attempt in the prior action to surreptitiously reserve the defamation claim for use in a future encounter. See *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109 (498 SE2d 255) (1998). Rather, he filed a motion in the prior action bringing the claim to the attention of both the trial court and Banderas pointing out that the claim had been recently discovered; that the statute of limitation was about to expire (one week remained before the expiration of the one-year limitation period on the letter published July 15, 1993); and that given the posture of the arbitration proceeding (the disputed questions had already been submitted by the parties and the discovery period had expired), it was questionable as to whether the arbitrators would consent to the late addition of the claim. In light of these facts, he requested that the trial court modify the existing restraining order so that he could bring the claim in a later action. Banderas stated he had no objection, and the trial court modified the restraining order pursuant to Doman's request.

Although none of these factors precluded Doman from attempting to bring the defamation claim in the prior action, on balance they demonstrate that Doman did not simply forgo litigation of his defamation claims in the prior action despite the full and fair opportunity to do so. Under these circumstances, Doman's present defamation action is not precluded by the doctrine of res judicata.

I am authorized to state that Presiding Judge Pope and Judge Johnson join in this dissent.

DECIDED MARCH 16, 1998

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Marvin D. Dikeman*, for appellant.

*Sullivan, Hall, Booth & Smith, John E. Hall, Jr., Frederick L. Hubbs, Jr.*, for appellee.