A05A2323. SANI-AGRI SERVICES, INC. v. CITY OF ALBANY.
(629 SE2d 15)

ANDREWS, Presiding Judge.

In the course of a lawsuit brought by several property owners alleging groundwater contamination by the City of Albany and its agent Sani-Agri Services, Inc., the City brought a cross-claim for contribution against Sani-Agri. Sani-Agri then filed a separate complaint against the City. After the entry of a consent judgment between the property owners and the City and a bench trial on the City's cross-claim, the trial court denied that cross-claim. The City then moved for summary judgment on Sani-Agri's complaint, which the trial court granted on res judicata grounds. We find no error and affirm.

This case has its origins in a suit alleging that as a result of Sani-Agri's improper disposal of sewage treatment sludge on certain properties, and the City's failure to monitor that disposal, the nitrate levels of the properties' groundwater increased. After the City asserted a cross-claim for contribution against the plaintiffs and Sani-Agri, a consent judgment was entered between the plaintiffs and the City. A few months later, the plaintiffs dismissed their suit against Sani-Agri without prejudice. After a bench trial, the trial court denied the City's request for contribution, and this Court affirmed. See *City of Albany v. Pippin,* 269 Ga. App. 22 (602 SE2d 911) (2004).

Sani-Agri brought the present lawsuit in December 2000, shortly after the original plaintiffs dismissed their suit, but well before the bench trial on the City's cross-claim. Sani-Agri's complaint asserted that the City had breached the parties' sludge disposal contract, that it had interfered with that contract, and that two of its employees had committed defamation when they suggested publicly that Sani-Agri had not been performing its responsibilities under the contract.

Arguing res judicata, the City moved for summary judgment, which the trial court granted. On appeal, Sani-Agri argues that res judicata does not apply because its claims do not arise out of the same operative facts as the previous suit.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies *as to all matters put in issue or which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside." (Emphasis supplied.) Specifically, in order for a first action to act as res judicata concerning a second action,

> [t]he first action must have involved an adjudication by a court of competent jurisdiction, the two actions must have an identity of parties and subject matter, and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.

(Citations and punctuation omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (1) (405 SE2d 678) (1991).

Sani-Agri argues that since its action against the City does not raise any question concerning the sludge disposal contract, the subject matter of the current suit is different from that of the previous action. This argument is belied by the record. Sani-Agri's complaint purports to state "an action partially in contract against the City." Each of Sani-Agri's claims, moreover, including the defamation claim, arises out of the parties' roles in the sludge disposal program and had accrued by the time the City brought its cross-claim in the original action. All of Sani-Agri's claims against the City are thus subject to res judicata. See *Doman v. Banderas*, 231 Ga. App. 229, 233 (1) (499 SE2d 98) (1998) (granting summary judgment concerning defamation claim arising from same operative facts as previous breach-of-contract claim).

Sani-Agri has also had a full and fair opportunity to litigate its claims against the City, which filed its cross-claim against Sani-Agri in the course of the first action. The bringing of this first cross-claim put the City and Sani-Agri in an adversarial relationship. *Fowler*, supra at 457 (3). Like all cross-claims, Sani-Agri's complaint was also permissive. OCGA § 9-11-13 (g); *Fowler*, supra at 459 (5). Since

Sani-Agri's cross-claim was brought after the City filed its own cross-claim, and since "res judicata bars a party who foregoes an opportunity to file a permissive cross-claim from bringing the claim in a subsequent action," the trial court did not err when it dismissed Sani-Agri's action on that basis. Id.; *Doman,* supra at 233 (1).

*Judgment affirmed. Ruffin, C. J., and Mikell, J., concur.*

DECIDED MARCH 3, 2006 —
RECONSIDERATION DENIED MARCH 24, 2006 — 

*Perry & Walters, George P. Donaldson III, Misty G. Haskins,* for appellant.

*Oliver, Maner & Gray, Patrick T. O'Connor, Charles N. Davis,* for appellee.