**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 3, 2021**

# In the Court of Appeals of Georgia

A21A0631. DASHTPEYMA v. WALKER et al.

GOBEIL, Judge.

Hassan A. Dashtpeyma appeals from the superior court's grant of summary judgment on res judicata grounds as to his second complaint filed against Merrill L. Walker. Dashtpeyma contends that the superior court erred in applying the doctrine of res judicata because: (1) there was no identity of the cause of action; and (2) there was no identity of parties or their privies. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant of a motion for summary judgment, this Court conducts a de novo review of the law, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Gen. Elec.*

*Capital Computer Svcs. v. Gwinnett County Bd. of Tax Assessors*, 240 Ga. App. 629, 630 (1) (523 SE2d 651) (1999).

So viewed, the record shows that Dashtpeyma owns property in the Berkeley Square Condominium community. Walker is the registered agent for the Berkeley Square Condominium Association. All property owners in the Berkeley Square Condominium community must pay monthly condominium association fees. On September 4, 2018, Dashtpeyma filed a pro se civil action in the Superior Court of Gwinnett County styled *H. A. Dashtpeyma, Plaintiff vs. Merrill Walker [Individually] and Advantage Community Management, Inc. Defendant* (the "2018 complaint"). In the 2018 complaint, Dashtpeyma claimed that Walker made defamatory and libelous statements about him with regard to Dashtpeyma's failure to pay or late payment of condominium association fees. Walker filed an answer as well as a motion to dismiss for failure to state a claim. The superior court granted the motion to dismiss on November 30, 2018. Dashtpeyma filed a motion for reconsideration, which was denied on December 20, 2018.

Then on January 9, 2019, 21 days after the superior court's ruling on his motion for reconsideration in the 2018 action, Dashtpeyma filed a new pro se civil action in the State Court of Gwinnett County styled *Hassan A. Dashtpeyma, Plaintiff*

2

*vs. Merrill Walker % In Care of Berkeley Square Condominium Association, Inc. % Defendant* (the "2019 complaint").[1] In the 2019 complaint, Dashtpeyma asserted claims for libel and fraud, again based on the statements Walker made regarding Dashtpeyma's failure to pay or late payment of condominium association fees. He also appeared to assert a claim for injunctive relief. Walker subsequently filed a motion for summary judgment based upon the doctrine of res judicata. Dashtpeyma opposed the motion but did not argue that the two cases involved different causes of action.

While Walker's motion for summary judgment was pending, the state court transferred the case sua sponte to the superior court on the jurisdictional basis that there was some language in Dashtpeyma's complaint that suggested equitable relief. After transfer, Dashtpeyma filed a motion for summary judgment. Walker filed a response and consolidated cross-motion for summary judgment. In the cross-motion, Walker again sought summary judgment on res judicata grounds and also argued that Dashtpeyma failed to present evidence to support the essential elements of his claims.

The trial court granted Walker's initial motion for summary judgment based on

---

[1] There is no explanation in the record for Dashtpeyma's use of the percentage (%) symbol.

res judicata and denied the remaining motions for summary judgment as moot. This appeal followed.

Dashtpeyma argues that the trial court erred in its application of the doctrine of res judicata to the 2019 lawsuit. "In Georgia, OCGA § 9-12-40 represents a codification of the common law doctrine of res judicata." *Carson v. Brown*, 348 Ga. App. 689, 707 (3) (a) (824 SE2d 605) (2019). OCGA § 9-12-40 provides as follows:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

"The purpose of the doctrine is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Crowe v. Elder*, 290 Ga. 686, 688 (723 SE2d 428) (2012) (citation omitted). "These prerequisites must be satisfied before res judicata acts as a bar to subsequent litigation - identity of the cause of action, identity of the parties or their privies, and a previous adjudication on the merits by a court of competent jurisdiction." Id. (citation omitted).

1. Dashtpeyma contends that there was no identity of the cause of action between the 2018 complaint and the 2019 complaint. He argues that the cause of

4

action must be "identical" and these actions were not identical. Pretermitting whether Dashtpeyma properly raised this issue in his response to Walker's motion for summary judgment as asserted by Walker on appeal, Dashtpeyma's argument fails.

"A cause of action has been defined as being the entire set of facts which give rise to an enforceable claim." *Morrison v. Morrison*, 284 Ga. 112, 116 (3) (663 SE2d 714) (2008) (citation, punctuation, and emphasis omitted). The question in determining identity of cause of action "is whether both claims arose from the same set of facts." *Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 836 (4) (b) (835 SE2d 764) (2019). It is the entire set of facts themselves, once they occur, however, that give rise to the cause of action, regardless of whether the party fails to include certain facts in the first action. See *Kaylor v. Rome City School Dist.*, 267 Ga. App. 647, 649 (1) (b) (600 SE2d 723) (2004) (finding identity of the causes of action where the first suit was for breach of contract and second suit was for fraudulent inducement to enter that contract). "In considering the 'entire set of facts,' we focus on the 'wrong' that is asserted." *Coen v. CDC Software Corp.*, 304 Ga. 105, 105 (816 SE2d 670) (2018) (citation and punctuation omitted).

Here, both complaints are based on the same set of facts. Many of the paragraphs in the two complaints are very similar or virtually identical. Both

5

complaints alleged libel against Walker for "false statements" that he published and reported to the members of the Berkeley Square Condominium Association in August 2018 regarding Dashtpeyma's failure to pay or late payment of condominium association fees. In addition, in both complaints Dashtpeyma asserted that: Walker filed a "baseless" lawsuit against Dashtpeyma in Cobb County Magistrate Court in August 2016; Walker put a lien on Dashtpeyma's property; Walker was guilty of misuse of monthly association payments; and Walker failed to maintain Dashtpeyma's properties within the Berkeley Square Condominium community. Consequently, the same set of facts gave rise to the wrong asserted in both causes of action. See *Doman v. Banderas*, 231 Ga. App. 229, 232-233 (1) (499 SE2d 98) (1998) (affirming grant of summary judgment concerning defamation claim arising from same operative facts as previous breach-of-contract claim).

Dashtpeyma argues that the addition of the "fraud" claim renders the two causes of action not "identical," and therefore not subject to res judicata. However,

> [t]he doctrine of res judicata applies even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. It is only where the merits were not and could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were or could have been determined, then the defense is valid.

6

*Harris v. Deutsche Bank Natl. Trust Co.*, 338 Ga. App. 838, 841 (792 SE2d 111) (2016) (citation, punctuation and emphasis omitted). Although Dashtpeyma contends the "fraud" claim depends on different facts, the facts asserted are in reality the same facts that Walker made false statements about Dashtpeyma's failure to pay or late payment of condominium association fees, and many of the paragraphs in the 2018 and 2019 complaints are identical. Based on those same facts, the wrong asserted in the causes of action is the same; that is Walker's false statements were libelous and injured Dashtpeyma. See *McCracken v. City of College Park*, 259 Ga. 490, 491 (2) (384 SE2d 648) (1989) ("(s)o long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same, and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different.") (citation and punctuation omitted); see also *ChoicePoint Svcs. v. Hiers*, 284 Ga. App. 640, 643 (2) (644 SE2d 456) (2007) ("the adding of additional claims for relief which grow out of the same factual situation does not amount to the adding of a new or different cause of action") (citation and punctuation omitted). Also, Dashtpeyma could have raised his fraud claims in the 2018 complaint, but failed to do so. See *Doman*, 231 Ga. App. at 232-233 (1) (doctrine of res judicata

7

applied where the plaintiff had a full and fair opportunity to litigate his present claims in the prior action).

Dashtpeyma also maintains that the trial court applied the broad "identity of subject matter" test instead of the proper "identical cause of action," resulting in error and a need for clarification in the case law. It is true that "[t]he fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' within the meaning of OCGA § 9-12-40," and for res judicata to act as a bar, "the cause of action in each suit must be identical." *Morrison*, 284 Ga. at 115 (3) (citation and punctuation omitted). In addressing the use of the term "subject matter" in res judicata cases, our Supreme Court stated that:

> [w]hen one takes a closer look at the outcomes of our cases, however, it appears that, although we have occasionally been imprecise and inconsistent with the terms "subject matter" and "cause of action," we have actually been looking to the "entire set of facts which give rise to an enforceable claim" to determine whether res judicata has been triggered.

*Coen*, 304 Ga. at 110 (2) (footnote omitted). The Supreme Court ultimately found that there are not "two separate lines of res judicata jurisprudence in our law." Id. at 112 (2). Rather, the Supreme Court found that there has simply been "an inconsistency in the terminology." Id. Thus, Dashtpeyma's contention fails. And here, we have applied

8

the appropriate test of looking at the entire set of facts giving rise to the two causes of action to find that they are in fact identical. Accordingly, there was identity of the cause of action between the 2018 complaint and the 2019 complaint to support the application of the doctrine of res judicata.

2. Dashtpeyma further argues that there was no identity of the parties or their privies between the 2018 complaint and the 2019 complaint. We disagree.

"The term 'party' to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment." *Sweet City Landfill, LLC*, 352 Ga. App. at 836 (4) (a) (citation and punctuation omitted). "A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Id. (citation and punctuation omitted).

Here, Dashtpeyma is the sole plaintiff in both lawsuits. And Walker is clearly the defendant in both lawsuits. In the 2018 complaint, Advantage Community Management, Inc. was also listed as a co-defendant. In the 2019 complaint, Dashtpeyma included the addition of "%In care of Berkeley Square Condominium Association, Inc.%" in the heading after Walker. However, in each complaint the

9

allegations were directed at Walker and his statements. Regardless, the doctrine of res judicata can apply even if a new defendant has been added in the subsequent case. *Harris*, 338 Ga. App. at 841. Under these circumstances, there is identity of parties supporting the application of res judicata.

Because there was identity of causes of action and identity of parties,[2] the superior court did not err in applying the doctrine of res judicata to Dashtpeyma's 2019 complaint and in granting Walker's motion for summary judgment. Accordingly, we affirm.

*Judgment affirmed. Barnes, P. J., and Markle, J., concur.*

---

[2] Dashtpeyma does challenge the third requirement for the application of the res judicata doctrine - that there was a judgment from a court of competent jurisdiction. We note that a dismissal for failure to state a claim is with prejudice and operates as an adjudication on the merits. *Harris*, 338 Ga. App. at 840 n. 6 (citation and punctuation omitted).