**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13462

Non-Argument Calendar

_____

SHERILONDA GREEN,

*Plaintiff-Appellant,*

*versus*

CHARLTON COUNTY SCHOOL DISTRICT,

DR. JOHN LAIRSEY,

in his individual and official capacity,

CURTIS NIXON,

in his individual and official capacity,

DR. MATTHEW P. SANDS,

in his individual and official capacity,

JOHN CANADAY,

in his individual and official capacity, et al.

*Defendants-Appellees.*

2                    Opinion of the Court                  24-13462

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:22-cv-00053-JRH-BKE

————————————

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Dr. Sherilonda Green appeals the district court's order dismissing her complaint on res judicata grounds. She contends the district court erred because the instant discrimination and retaliation case and a prior state Superior Court Georgia Open Record Act (GORA) case lacked an identity of cause of action. After review,[1] we vacate and remand.

When a federal district court applies res judicata to a prior state court decision, it applies the res judicata principles of the law of that state. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985). The principles of res judicata under Georgia law are codified:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

---

[1] We review a district court's determination of res judicata de novo. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

O.C.G.A. § 9-12-40. "Specifically, three prerequisites must be satisfied before res judicata applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." *Coen v. CDC Software Corp.*, 816 S.E.2d 670, 675 (Ga. 2018). The parties do not dispute that the instant case and the GORA case share an identity of the parties or their privies and that the GORA action was a previous adjudication on the merits by a court of competent jurisdiction.

Thus, we focus our analysis on the identity of the cause of action. In *Coen*, the Georgia Supreme Court defined "cause of action" for res judicata purposes. *Id.* In doing so, the Court addressed what appeared to be two separate lines of res judicata cases and determined that rather than separate lines, there was merely confusion resulting from "an inconsistency in terminology" that Georgia courts employed in analyzing the identity of the cause of action requirement. *Id.* In resolving this inconsistency, the Court held the "identity of cause of action" requirement is not a broad subject-matter test and defined a "cause of action" as "the entire set of facts which give rise to an enforceable claim with special attention given to the 'wrong' alleged." *Id.* at 675-76 (citations omitted). Where some of the operative facts "are different," the second suit is not founded upon the same cause of action as the first, despite the possibility that the two cases arose from the same transaction and contain similar subject matter. *Id.* at 674. At all times, the burden of showing that the later-filed suit is barred is on the party invoking

the res judicata bar.  *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1327 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2701 (2025).

Both the instant case and the GORA action arose from Dr. Green's employment history with the Charlton County School District (District) and her interactions with its Board members, and the complaints in both cases allege substantially similar facts with some passages reproduced verbatim.  The only significant difference is that the complaint in the instant case references the GORA action and the findings by the Superior Court relating to the GORA action.

However, it is not enough that the former and present causes of action arose from the same set of facts.  Under *Coen*, the focus is the wrongs alleged and the necessary facts that gave rise to a cause of action focused on those wrongs.  816 S.E.2d at 674-75. The GORA action focused on the District's failure to timely respond to Green's open records requests, and relied on the discrimination and retaliation evidence in support of showing Green's need for the documents she requested.  The instant case involves different wrongs—discrimination and retaliation based on race and a conspiracy to interfere with civil rights based on racial animus— and relies on a different, broader set of facts than her GORA claim, including the result of the GORA claim.  In short, the GORA action was an administrative matter while the instant case is an employment discrimination matter.  In the GORA action, the facts underlying Dr. Green's civil rights claims were only relevant insofar as they demonstrated the District acted without substantial

justification in providing Dr. Green the requested records and that she was eligible for an award of attorney's fees.  O.C.G.A. § 50-18-73(b).

Even though all of Dr. Green's claims relate to her employment history with the District and its Board members, under *Coen*, no identity of the cause of action exists between the claims in the GORA action and the instant case.  Because one of the res judicata requirements has not been met, the district court erred in dismissing Dr. Green's civil rights claims based on res judicata.  Accordingly, we vacate and remand.

**VACATED AND REMANDED.**